IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTIN and DWANE MITCHELL, ) )  ) Plaintiffs,  ) ) v. ) ) VILLAGE CAPITAL AND, ) INVESTMENT, LLC, JAMES ) MARTIN DUNN, ALAN ) SHERWOOD THOMAS, and ) RESOLUTE BANK, ) ) Defendants.  ) | CIVIL ACTION FILE NO.  _____ |

## COMPLAINT

COME NOW, Plaintiffs, Christin and Dwane Mitchell, and respectfully show as follows:

### COUNT ONE

1.

This is a claim for rescission under the Truth in Lending Act, 15 U.S.C. § 1635 and for statutory damages of $2000 as well as actual damages.

2.

This Court has jurisdiction under 15 U.S.C. § 1640(e) and U.S.C. §§ 1331 and 1337.

3.

1

Plaintiffs are natural persons residing in Colbert, Georgia.

4.

Plaintiffs entered into a transaction with defendant Village Capital and Investment, LLC for personal, family and household purposes (hereinafter Village).

5.

They were refinancing a loan in which defendant Village retained a security interest in plaintiffs home.

6.

Village is incorporated in the State of Georgia and its principal office address is 2575 Peachtree Road, Suite 156, Atlanta, Georgia 30305 and its agent for service is Gary Pollack. Defendant Village is subject to the jurisdiction of the Court.

7.

At all times relevant hereto, defendant in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed.

8.

On or about December 21, 2017, plaintiffs were seeking to refinance their loan. Mr. Mitchell is a veteran.

9.

Plaintiffs were informed prior to any documents being signed that their loan could be refinanced at a 2.5% APR. They were interested.

10.

When plaintiffs were shown the loan documents but not the Truth in Lending disclosures by Alan Sherwood Thomas (hereafter Thomas) (not a defendant in this count) they determined that the transaction would remain at 2.25% for three years of the 30 year mortgage. However, the amount financed would be an additional $10,000 to secure that rate.

11.

Thomas told them that he had worked with other people on refinancing before, that if they did not sign he would make no money but that if they could sign he would make $200 and they could rescind the transaction within 3 days. He told them he did this regularly.

12.

They filled out a rescission notice in his presence and on December 21, 2017, rescinded the transaction by sending the notice to defendant (a true and

correct copy is attached as Exhibit A) by UPS (a true and correct copy is attached as Exhibit B. Alternatively, this complaint is notice of rescission.

13.

Plaintiffs had a right to rescind under 15 U.S.C. § 1635 and Reg. Z § 226.23.

14.

Defendant has failed and refused to give effect to plaintiffs' rescission which defendant received on December 22, 2017 despite the fact that defendant has repeatedly promised to do so. Instead, defendant paid off plaintiffs' prior mortgage with a different company and despite telling plaintiffs that defendant would reverse that mortgage never bothered to do so.

15.

At the time, plaintiffs tendered no money because they had never received any money. To this day plaintiffs have received only $229 from defendant and are treated by defendant as though they were indebted to defendant. Plaintiffs tender the $229 or whatever cash amount they received from defendant, to defendant.

16.

Besides failing to give effect to the rescission in violation of 15 U.S.C. 1635, defendant violated Reg. Z § 226.23(b) by failing to give each plaintiff 2 copies of the rescission notice and failed in violation of 15 U.S.C. § 1640(a) to make TIL

disclosures before the credit was extended. Defendant violated Reg. Z 226.23(c) by prematurely paying off the prior loan during the 3 day right of rescission period.

17.

Defendant is liable to plaintiffs for $2000 in statutory damages for the failure to rescind and $2000 for the disclosure violation, return of any money sent to defendant by plaintiffs, the higher cost of their present mortgage and rescission of the transaction.

18.

Plaintiffs are entitled to reasonable attorney fees under 15 U.S.C. § 1640(e).

## COUNT TWO

19.

Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 are realleged as though fully set out.

20.

This Count has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 of the claims in this Count as they arise out of the same transaction or occurrence as the TIL claims of Count One.

21.

Defendant James Martin Dunn is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court.

22.

Defendant Alan Sherwood Thomas is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court. He can be served at 1682 Pineford Court, Stone Mountain, Ga. 30088.

23.

Defendant Resolute Bank is a national bank which regularly does business in Georgia and is subject to the jurisdiction of the court.

24.

At all times herein, defendant James Martin Dunn was an employee of defendant Resolute Bank in the regular scope of his employment and defendant is liable for his actions under the principles of respondent superior.

25.

In November 2017, plaintiff Dwane Mitchell received a phone call from defendant James Martin Dunn seeking to interest plaintiffs in the refinancing of their mortgage.

26.

At the time plaintiffs had a locked in rate of 3.25 percent for 30 years.

27.

Plaintiff Dwane Mitchell told defendant Dunn that if he could get him refinancing for 2.25% to call him back.

28.

The next week defendant Dunn called back and promised plaintiffs he would be able to get the loan fixed at 2.25%.

29.

He made an appointment to come to plaintiffs home.

30.

In December, defendant Dunn came to plaintiffs home.

31.

He told plaintiffs that he had been working to secure financing for 30 plus years. He told plaintiffs that the program he was proposing was the best program for veterans. He told them he had been working for the same company for 30 years. All of this was untrue.

32.

Dunn promised to send an attorney out to go through the paperwork and have plaintiffs sign such paperwork.

33.

On December 21, 2017, Allen Sherwood Thomas came to plaintiff's home.

34.

Plaintiffs told him that they were not refinancing or signing any documents.

35.

Defendant Thomas told them that he has clients sign them all the time and send in the cancellation agreement. He related to them the substances of paragraph 11.

36.

He told them that Dwane Mitchell would have to sign the loan documents and sign the cancellation agreement for him to answer any questions.

37.

He told them after Dwane Mitchell had signed the agreement he would instruct them how to send in the cancellation.

38.

They were reassured by Thomas that it would not get refinanced. However,for him to answer questions about the documents it would have to be

signed for him to proceed so he would make $225.00 off of plaintiffs Mr. Thomas did proceed to tell plaintiffs he wouldn't refinance if it was him and plaintiffs were doing the correct thing. So Dwane Mitchell made it clear plaintiffs would not be refinancing their mortgage and asked this defendant he please explain the documents. Mr. Thomas explained and then plaintiffs understood a little more that they would be in a huge mess. Mr. Thomas came to the cancellation agreement. Mr. Thomas watched Dwane Mitchell sign the cancellation agreement and then after all paperwork, Mr. Thomas laid the cancellation agreement on top of all copies of paperwork. He witnessed Dwane Mitchell sign the rescission notice. Mr. Thomas advised plaintiffs that it was great to send the cancellation to FEDEX to have tracking. On 12/22/17, plaintiffs sent the cancellation agreement as instructed.

39.

Exhibit A is proof of the transmission of the rescission notice.

40.

Defendant Village Capital refused to give effect to the rescission and on December 28, 2017, without permission from plaintiffs, paid off the loan to Freedom Mortgage who had been plaintiffs' mortgage company.

41.

It turned out that the 2.25% rate that had been promised was good for 3 years and would increase each year.

9

42.

On January 2, 2018, William Cook, an agent with defendant Village Capital called to say that he wanted to verify that the rescission had been received and it would be given effect.

43.

He called January 3, 2018 and on January 5, 2018, saying that the prior mortgage should not have been paid off.

44.

Nevertheless, Village Capital has never given effect to the rescission.

45.

Moreover, despite numerous assurances, defendant Village never reversed the plaintiffs' prior mortgage with Freedom Mortgage.

46.

Each defendant was a joint tortfeasor in defrauding plaintiffs.

47.

The various misrepresentations outlined above were falsely made by each of the parties and known by them to be false.

48.

Defendant Dunn had not worked for 30 years with one employer and did not work extensively with veteran's programs. He knew that the mortgage he was proposing was not 2.5% for 30 years and would cost plaintiffs more over a 30 year period. Defendant Thomas persuaded plaintiffs to sign the loan documents and told them such loan would be rescinded when he knew that defendant Village would not give effect to the rescission. Defendant Village falsely stated that they would give effect to the rescission and contact Freedom Mortgage to reverse the payoff when they knew they would not do so.

49.

All of these false statements were made with the intent of having plaintiffs enter into a new financially disadvantageous loan.

50.

Plaintiffs justifiably relied upon their representations.

51.

Plaintiffs suffered damages in an amount to be determined at trial, including increased mortgage costs, an $11,000 origination fee, and emotional distress.

52.

Because of the malicious nature of Defendants' actions, plaintiffs are entitled to punitive damages in the amount of $500,000.

53.

Plaintiffs are entitled to attorney fees because of the intentional tort committed.

WHEREFORE plaintiffs pray:

1) For judgment of rescission and other equitable relief;

2) For damages;

3) For punitive damages;

4) For attorney fees;

5) For jury trial;

6) For such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiffs

**Goldberg & Cuvillier, P.C.**
1400 Montreal Road, Suite 100
Tucker, Georgia 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com

13