# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Christin Mitchell and Dwane
Mitchell,

                Plaintiffs,

                        Case No. 1:18-cv-5808-MLB

v.

Alan Sherwood Thomas,

                Defendant.

_____/

## OPINION & ORDER

Plaintiffs Christin Mitchell and Dwane Mitchell move for default judgment against Defendant Alan Sherwood Thomas.[1]  (Dkt. 88.)  The Court grants in part Plaintiffs' motion.

## I.  Background

In 2017, Plaintiffs were interested in refinancing the loan on their home in Colbert, Georgia.  (Dkt. 3 ¶¶ 3, 5, 8–9.)  In November 2017, James Martin Dunn, an employee of Resolute Bank, contacted Mr.

---

[1] The Court previously dismissed Village Capital and Investment, LLC ("Village Capital"), James Martin Dunn, and Federal Deposit Insurance Corporation as defendants.

Mitchell about the possibility of refinancing Plaintiffs' mortgage. (*Id.* ¶¶ 24–25.) In December 2017, Mr. Dunn met with Plaintiffs to discuss a refinancing proposal and promised to send an attorney to go through the paperwork with Plaintiffs. (*Id.* ¶¶ 29–30, 32.) Mr. Dunn told Plaintiffs he had been securing financing for individuals and working for the same company for more than thirty years, and that the program he was proposing for Plaintiffs was the best program for veterans such as Mr. Mitchell. (*Id.* ¶¶ 8, 31.)

On December 21, 2017, Defendant met with Plaintiffs to complete the refinancing transaction. (*Id.* ¶ 33.) Plaintiffs do not allege who Defendant worked for or in what capacity he met with Plaintiffs, but Defendant showed Plaintiffs loan documents for the mortgage refinancing transaction. (*Id.* ¶ 10.) After reviewing the documents, Plaintiffs told Defendant they would not be refinancing their mortgage or signing any documents. (*Id.* ¶¶ 10, 34, 38.) Defendant told Plaintiffs he would not receive a fee for closing the loan unless Plaintiffs signed, so he recommended they sign the documents and rescind the transaction within three days. (*Id.* ¶¶ 11, 35, 38.) Defendant stated he would answer Plaintiffs' questions about the documents and instruct them on how to

send in the rescission notice only after the loan documents were signed.

(*Id.* ¶¶ 36–38.)   Plaintiffs signed the documents and filled out the

rescission notice in Defendant's presence.   (*Id.* ¶ 12.)   Defendant

reassured Plaintiffs that their mortgage would not get refinanced.  (*Id.* ¶

38.)  The document titled "Notice of Right to Cancel" (the rescission

notice) states:

> HOW TO CANCEL
> If you decide to cancel this transaction, you may do so by
> notifying us in writing, at
> Village Capital & Investment, LLC
> 2863 St. Rose Parkway
> Henderson, NV 89052
> . . .
>
> If you cancel by mail or telegram, you must send the notice no
> later than midnight of December 26, 2017 (or midnight of the
> third business day following the latest of the three events
> listed above.) If you send or deliver your written notice to
> cancel some other way, it must be delivered to the above
> address no later than that time.

(Dkt. 14-3 at 2.)  The rescission notice was signed by Mr. Mitchell and

dated December 21, 2017.  (*Id.*)  Defendant advised Plaintiffs "it was

great to send the [rescission notice] to FEDEX to have tracking."  (Dkt. 3

¶ 38.)  The next day, Plaintiffs sent the rescission notice to Village Capital

via United Parcel Service ("UPS").  (*Id.* ¶¶ 12, 38.)  On January 2, 2018,

William Cook, an agent of Village Capital, called Plaintiffs to confirm

receipt of the rescission notice and advised Plaintiffs it would be given effect. (*Id.* ¶ 42.)  Village Capital, however, never gave effect to the rescission notice and instead paid off Plaintiffs' prior mortgage. (*Id.* ¶¶ 14, 40, 44.)  Mr. Cook called Plaintiffs again on January 3, 2018 and January 5, 2018, stating the prior mortgage should not have been paid off. (*Id.* ¶ 43.)  Village Capital never reversed Plaintiffs' prior mortgage payoff or gave effect to the rescission notice. (*Id.* ¶¶ 14, 40, 45.)

On December 19, 2018, Plaintiffs sued based on Defendant making various false representations. (Dkt. 1.)  Defendant was then served on February 8, 2019. (Dkt. 24.)  The clerk entered default on September 13, 2019 pursuant to Magistrate Judge Catherine M. Salinas's order. (Dkt. 34.)  Plaintiffs now move for default judgment and ask the Court to conduct a hearing regarding damages. (Dkt. 88.)

## II. Legal Standard

If a defendant fails to plead or otherwise defend a lawsuit within the time required by the Federal Rules of Civil Procedure and the plaintiff moves for default, the clerk must enter default. Fed. R. Civ. P. 55(a).  Default constitutes admission of all well-pleaded factual allegations in the complaint but not an admission of facts incompletely

4

pleaded or conclusions of law. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

After the clerk enters default, the "entry of a default judgment is committed to the discretion of the district court." *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Because of the "strong policy of determining cases on their merits," the Eleventh Circuit has cautioned that "default judgments are generally disfavored" and not granted as a matter of right. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). A court enters default judgment only "when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Id.* at 1245 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The standard for determining the sufficiency of the basis for the judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* A motion for default judgment is conceptually like a reverse motion to dismiss for failure to state a claim. *Id.* "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187

F.3d 1271, 1273 n.1 (11th Cir. 1999). So in considering a motion for default judgment, a court accepts all well-pleaded facts as true and determines whether those facts state a claim for relief that is plausible—that is, whether the plaintiff's allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (per curiam).

And when assessing default judgment damages, the court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Courts may enter such awards without holding an evidentiary hearing, but only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).

## III. Discussion

In Plaintiffs' motion for default judgment, they contend "[w]hether or not Plaintiff[s'] allegations set out a claim for fraud, the complaint sets out a claim for negligent misrepresentation." (Dkt. 88 at 7.) Plaintiffs

then quote the liability standard and list the elements for negligent misrepresentation. (*Id.* at 7–8.) The Court is unaware of Plaintiffs previously discussing a negligent misrepresentation claim. Plaintiffs did not title their claims in the amended complaint, but such a claim has never been mentioned during litigation. In Plaintiffs' responses to motions to dismiss filed by previously dismissed defendants, Plaintiffs never discussed negligent misrepresentation. (Dkts. 23; 29.) Magistrate Judge Salinas never discussed negligent misrepresentation in her report and recommendation ("R&R"). (Dkt. 34.) Plaintiffs again did not discuss negligent misrepresentation in their objections to the R&R. (Dkts. 36; 38.) And Judge Clarence Cooper never discussed such a claim in his order adopting the R&R. (Dkt. 50.) But the Court will analyze the motion as if Plaintiffs brought a cause of action for fraud *and* negligent misrepresentation. *See Holmes v. Grubman*, 691 S.E.2d 196, 200 (Ga. 2010) ("the only real distinction between negligent misrepresentation and fraud is the absence of the element of knowledge of the falsity of the information disclosed," so courts generally apply the "same principles . . . to both fraud and negligent misrepresentation cases" under Georgia common law).

To state a claim for fraud under Georgia law, a plaintiff must establish (1) a false representation by a defendant; (2) scienter (defendant's knowledge that the information is false); (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by plaintiff; and (5) damage to plaintiff. *See Engelman v. Kessler*, 797 S.E.2d 160, 166 (Ga. Ct. App. 2017). "[T]he alleged misrepresentations must be not only material but also actionable; otherwise, a party is not justified in relying upon them." *Shea v. Best Buy Homes, LLC*, 533 F. Supp. 3d 1321, 1337 (N.D. Ga. 2021). "[T]o be actionable, [a misrepresentation] must relate to an existing fact or past event. Fraud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events." *Fuller v. Perry*, 476 S.E.2d 793, 796 (Ga. Ct. App. 1996). A "fact is material if its existence or nonexistence is a matter to which a reasonable man would attach importance in determining his choice or action in the transaction in question." *Greenwald v. Odom*, 723 S.E.2d 305, 315 (Ga. Ct. App. 2012). Plaintiffs claim they told Defendant they would not be refinancing their mortgage or signing any documents. (Dkt. 3 ¶¶ 10, 34, 38.) Defendant told Plaintiffs he would not receive a fee for closing the loan unless Plaintiffs signed, so he recommended they sign

the documents and rescind the transaction within three days.  (*Id.* ¶¶ 11,

35, 38.)  Defendant stated he would answer Plaintiffs' questions about

the documents and instruct them on how to send in the rescission notice

only after the loan documents were signed.  (*Id.* ¶¶ 36–38.)  Plaintiffs

allege Defendant persuaded them to sign the loan documents in part by

telling them such loan would be rescinded when he knew Village Capital

would not give effect to the rescission.  (*Id.* ¶ 48.)  Plaintiffs claim the

false statements were "made with the intent of having plaintiffs enter

into a new financially disadvantageous loan," Plaintiffs "justifiably relied

upon [the] representations," and Plaintiffs "suffered damages."  (*Id.*

¶¶ 49–51.)  The Court finds Plaintiffs have sufficiently pled and proven

their fraud claim against Defendant.

To establish a claim for negligent misrepresentation, the plaintiff

must show "(1) the defendant's negligent supply of false information for

foreseeable persons, known or unknown, (2) such person['s] reasonable

reliance upon that false information; and (3) economic injury proximately

resulting from such reliance."  *Hardaway Co. v. Parsons, Brinckerhoff,*

*Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997).  The first element

demonstrates that one

> who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used.

*Robert & Co. Assocs. v. Rhodes-Haverty P'ship*, 300 S.E.2d 503, 504 (Ga. 1983). To determine whether reliance is justifiable, the court "will look to the purpose for which the report or representation was made. If it can be shown that the representation was made for the purpose of inducing [reliance], then liability. . . can attach." *Id.* Plaintiffs allege Defendant supplied false information. Defendant told Plaintiffs the loan would be rescinded when he knew Village Capital would not give effect to the rescission. (Dkt. 3 ¶ 48.) This false information was supplied to foreseeable entities—Plaintiffs as the individuals signing the loan documents. As with fraud, a claim for negligent misrepresentation requires Plaintiffs reasonably rely on the information provided. *See Next Century Commc'ns. Corp. v. Ellis*, 318 F.3d 1023, 1030 (11th Cir. 2003) ("Georgia courts have recognized, . . . reasonable reliance that is required to state a negligent misrepresentation claim is equivalent to that needed in the fraud context."). The representation the loan would be rescinded

guided Plaintiffs' decision to sign the loan documents and Plaintiffs allege they were injured because of such reliance. The Court thus finds Plaintiffs have sufficiently alleged negligent misrepresentation.

Plaintiffs contend "[b]ecause damages in this case are not liquidated a hearing under F.R.C.P. 55 is mandated." (Dkt. 88 at 5.) The Court agrees Plaintiffs must still prove their damages. In their amended complaint, Plaintiffs sued for damages "in an amount to be determined at trial, including increased mortgage costs, an $11,000 origination fee, and emotional distress." (Dkt. 3 ¶ 51.) Plaintiffs also mentioned punitive damages in the amount of $500,000 and attorneys' fees. (*Id.* ¶¶ 52–53.) The record does not provide the Court with the information to determine damages. The Court will thus defer its ruling on damages and hold an evidentiary hearing.

## IV. Conclusion

The Court **GRANTS IN PART** Plaintiffs' Motion for Default Judgment. (Dkt. 88.) The Court sets an evidentiary hearing on damages for **June 13, 2022**, at **2:00 p.m.**, to take place before the Honorable Michael L. Brown, in Courtroom 1906, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

**SO ORDERED** this 5th day of May, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE